IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | CAUSE NO. 6:00-cr-00004-RWS-KNM-2 |
| | § | |
| DEWAYNE KARL PIPKINS | § | |

# ORDER

Before the Court is Dewayne Karl Pipkins's Motion to Reduce Sentence Pursuant to Section 404 of the First Step Act of 2018. Docket No. 500. The United States has opposed Defendant's motion, Docket No. 501, and Defendant has filed a reply, Docket No. 509. For the reasons set forth below, the motion is **GRANTED-IN-PART** and **DENIED-IN-PART**.

## I. Background

Following a jury trial, Defendant was convicted of conspiracy to possess with intent to distribute more than fifty (50) grams of cocaine base in violation of 21 U.S.C. §§ 841(a) and 846. With a total offense level of 42 and a criminal history category of I, Defendant's guideline range was 360 months to life imprisonment and five years' supervised release. At sentencing, the Court adopted the presentence report's finding that the offense involved 9.68 kilograms of cocaine base and sentenced Defendant to 360 months' imprisonment and five years' supervised release. Docket No. 356. That sentence was later reduced to 292 months' imprisonment, applying Amendment 782 to the United States Sentencing Guidelines retroactively. *See* Docket Nos. 494, 496.

Defendant requests (1) a sentence of time served under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), and (2) a sentence reduction under the First Step Act of 2018 (the "Act"). The Court takes each argument in turn.

## II. *Apprendi* and *Alleyne*

First, Defendant argues he is entitled to a sentence of time served because the Court is required to sentence him based only on the quantity of drugs found by the jury. Docket No. 500 at 1, 7. Stated differently, Defendant requests a reduction in his sentence to the offense level that would be associated with an amount of 50 grams of crack cocaine as found by the jury. His argument is based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), which hold that any fact increasing either a statutory maximum or mandatory minimum penalty must be charged in an indictment and found by a jury, based upon the required finding of proof beyond a reasonable doubt, or admitted by the defendant.

Defendant's reliance on those cases is misplaced, as those decisions relate to statutory ranges, not sentencing guidelines. The indictment, and any resulting finding beyond a reasonable doubt, establishes only the statutory range available to the Court. Where, within that range, an appropriate sentence falls is within the Court's discretion, following a careful consideration of 18 U.S.C. § 3553(a)'s sentencing factors and applying the preponderance-of-the-evidence standard so long as there is sufficient indicia of reliability.

## III. Section 404 of First Step Act

The Act allows, but does not require, a court to reduce a previously imposed sentence in certain circumstances. Under § 404(b), "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194, § 404(b). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010" and "was committed before August

3, 2010." *Id.* § 404(a). The Fair Sentencing Act of 2010 was intended to "reduc[e] the crack-to-powder cocaine disparity from 100–to–1 to 18–to–1." *Dorsey v. United States*, 567 U.S. 260, 264 (2012). The Fair Sentencing Act increased the crack-cocaine quantities that trigger a mandatory minimum sentence, including increasing the quantity required to trigger a five-year minimum sentence from five grams to 28 grams and increasing the quantity required to trigger a 10-year minimum sentence from 50 grams to 280 grams. Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372, § 2(a); *see also* 21 U.S.C. § 841(b)(1)(A).

Defendant argues he is eligible for a reduced sentence under § 404(b). He argues that his eligibility depends on what the indictment charged rather than his underlying conduct.

The Government disagrees, arguing that the Act does not permit relief in Defendant's case. In short, the Government argues that Defendant is not eligible under § 404(b) because, although the jury only found that he possessed with intent to distribute more than 50 grams of crack cocaine, the presentence report held him responsible for more than nine kilograms. According to the Government, "what counts as a 'covered offense' necessarily turns on facts specific to the defendant's offense" and is not limited to what was charged in the indictment. Docket No. 501 at 7.

The Government's argument focuses on the definition of "covered offense." Docket No. 501 at 5. In the Government's view, the dependent clause, "the statutory penalties for which were modified by section 2 or 3," modifies the word "violation," not "Federal criminal statute." The Government construes "violation" to mean the conduct underlying the offense, rather than the offense elements. Because the presentence report concluded that Defendant's underlying conduct involved 9.68 kilograms of crack cocaine, the Government argues that he is not eligible for a

3, 2010." *Id.* § 404(a). The Fair Sentencing Act of 2010 was intended to "reduc[e] the crack-to-powder cocaine disparity from 100–to–1 to 18–to–1." *Dorsey v. United States*, 567 U.S. 260, 264 (2012). The Fair Sentencing Act increased the crack-cocaine quantities that trigger a mandatory minimum sentence, including increasing the quantity required to trigger a five-year minimum sentence from five grams to 28 grams and increasing the quantity required to trigger a 10-year minimum sentence from 50 grams to 280 grams. Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372, § 2(a); *see also* 21 U.S.C. § 841(b)(1)(A).

Defendant argues he is eligible for a reduced sentence under § 404(b). He argues that his eligibility depends on what the indictment charged rather than his underlying conduct.

The Government disagrees, arguing that the Act does not permit relief in Defendant's case. In short, the Government argues that Defendant is not eligible under § 404(b) because, although the jury only found that he possessed with intent to distribute more than 50 grams of crack cocaine, the presentence report held him responsible for more than nine kilograms. According to the Government, "what counts as a 'covered offense' necessarily turns on facts specific to the defendant's offense" and is not limited to what was charged in the indictment. Docket No. 501 at 7.

The Government's argument focuses on the definition of "covered offense." Docket No. 501 at 5. In the Government's view, the dependent clause, "the statutory penalties for which were modified by section 2 or 3," modifies the word "violation," not "Federal criminal statute." The Government construes "violation" to mean the conduct underlying the offense, rather than the offense elements. Because the presentence report concluded that Defendant's underlying conduct involved 9.68 kilograms of crack cocaine, the Government argues that he is not eligible for a

reduced sentence under the Fair Sentencing Act's raised threshold of 280 grams of crack cocaine for a violation of 21 U.S.C. § 841(b)(1)(A).

The Fifth Circuit, however, recently foreclosed the Government's position in *United States v. Jackson*, 945 F.3d 315, 320 (2019):

> We thus conclude that whether a defendant has a 'covered offense' under section 404(a) depends only on the statute under which he was convicted. If he was convicted of violating a *statute* whose penalties were modified by the Fair Sentencing Act, then he meets that aspect of a 'covered offense.'

"The only other circuits to have confronted these arguments agree." *Id.* Thus, Defendant has a "covered offense," and he is eligible for a sentence reduction unless he falls into § 404(c)'s limitation. *See id.*

Neither of the express limitations set forth in § 404(c) prohibits Defendant's requested relief. First, Defendant's sentence has been reduced, but it was not "reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act." *See Jackson*, 945 F.3d at 320–21. That reduction was made pursuant to Amendment 782 to the Sentencing Guidelines. Second, Defendant has not previously moved for a § 404 reduction. Thus, Defendant is eligible for a sentence reduction under § 404.

Because Defendant is eligible for a sentence reduction, the issue becomes whether a reduction should be granted. If the Court were to apply Section 2 of the Fair Sentencing Act to Defendant, his statutory sentencing range on Count 1 would be five to 40 years' imprisonment with a minimum of four years' supervised release, which is lower than the statutory sentencing range that applied at his original sentencing. With the exception of supervised release, however, his guideline range—after incorporating the § 3582(c) reduction—does not change: 292 to 365 months' imprisonment.

"Nothing in [the Act,]" however, "require[s] a court to reduce any sentence . . . ." § 404(c). Instead,"[t]he district court decides on a new sentence by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act. The district court's action is better understood as imposing, not modifying, a sentence, because the sentencing is being conducted as if all the conditions for the original sentencing were again in place with the one exception." *United States v. Hegwood*, 934 F.3d 414, 418–19 (5th Cir. 2019).

Having reviewed Defendant's presentence report and after considering the factors set forth in 18 U.S.C. § 3553(a), the Court determines that his period of supervised release should be reduced from five to four years, without altering his period of imprisonment. Defendant was convicted after a three-day trial, and, as has been noted, the presentence report found that he was responsible for the distribution of a significant quantity of drugs—9.68 kilograms of cocaine base. During the conspiracy, according to the presentence report, Defendant was one of two leaders and organizers of the conspiracy, and he directed the activities of at least seven other participants. Docket No. 354 ¶ 21. The investigation revealed that cocaine was transported from Dallas to Tyler, Texas, and that locations throughout the Eastern District of Texas were used to convert the cocaine to crack cocaine. Docket No. 354 ¶¶ 17–18. Based on the quantity of drugs involved, Defendant's base offense level was originally 38 (later reduced to 36), and he received a four-level increase for being a leader and organizer of the conspiracy and directing the activities of others with regard to the transportation and distribution of the drugs. Docket No. 354 ¶¶ 26, 29. According to the Fifth Circuit, Defendant "was implicated in the conspiracy on the basis of the testimony of numerous accomplices or co-conspirators." *United States v. Pipkins*, 275 F.3d 1078 at *1 (5th Cir. 2001) (unpublished table opinion).

The Court has also reviewed correspondence Defendant submitted regarding his efforts at rehabilitation, the many improvements he has made in his life and his plans for the future. Docket No. 510. Defendant's current release date is December 26, 2020. Based on the Bureau of Prisons' normal and customary practice, the Court expects Defendant will soon move to a halfway house, easing his transition back into the community. The Court applauds Defendant's achievements while incarcerated and encourages him to continue the considerable efforts he has made at rehabilitation, both now and after his release.

## IV. Conclusion

In light of all the circumstances, and having determined that Defendant is entitled to relief and a reduction in his term of supervised release from five to four years, while his period of incarceration shall remain unchanged, Defendant's Motion to Reduce Sentence Pursuant to Section 404 of the First Step Act of 2018 (Docket No. 500) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

**SIGNED this 26th day of March, 2020.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE